IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN DIEHL, ANDY BUTLER,          :
GREG STEFFEE, MARK KIRBY,          :
MIKE MILLER AND RAYMOND J.         :
BERRY, on behalf of themselves and :
all others similarly situated,     :
                                   :
        Plaintiffs,                :
                                   :   CIVIL ACTION NO. 3:CV-06-1464
        v.                         :
                                   :   (JUDGE CAPUTO)
LOWE'S HOME CENTERS, INC.,         :
                                   :
        Defendant.                 :
_____

JASON SMITH, GARY L. AUSTIN,       :
RICK GRESSNER, JACK W. ANGLE,      :
WENDY G. ESTEP, ROBIN L. KING,     :
RYAN D. BAER AND RONALD E.         :
ROAR, on behalf of themselves and  :
all others similarly situated,     :
                                   :
        Plaintiffs,                :   CIVIL ACTION NO. 3:CV-07-0384
                                   :
        v.                         :   (JUDGE CAPUTO)
                                   :
LOWE'S HOME CENTERS, INC.,         :
                                   :
        Defendant.                 :

## ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND NOTICE TO CLASS

The parties having filed a Stipulation of Settlement ("the Settlement") and a

Joint Motion for Preliminary Approval of Settlement and Notice to Class, and the Court

having considered the Settlement, the Joint Motion, and the entire record, the Court finds,

concludes, and orders, as follows:

1.    The Rule 23 Settlement is within the range of possible approval and appears fair, reasonable, and adequate in all respects.  Accordingly, eligible Rule 23 Settlement class members should be given notice of the terms of Rule 23 Settlement, their opportunity to be excluded from the Rule 23 Settlement, their right to file objections to the Rule 23 Settlement, and the scheduling of a final approval hearing to determine whether to grant final approval of the Rule 23 Settlement.

2.    Solely for purposes of settlement of this litigation and subject to its final approval, the Court hereby certifies the following settlement class, under Fed. R. Civ. P. 23(b)(3) (the "Rule 23 Settlement Class"):

> All Lowe's current or former employees who were employed in a Salaried Plus Overtime Eligible ("SPOE") position in one of Lowe's Ohio or Pennsylvania stores for any period of time from March 11, 2000 through March 15, 2006. Excluded from submitting a claim form are any individual who previously consented to join andcurrently remain opt-in parties to (1) *Smith, et al. v. Lowe's Home Centers, Inc.*, No. 3:07-CV-00384-ARC (M.D. Pa.) (formerly No. 2:04-CV-00774-GLF (S.D. Ohio)); (2) *Evans, et al. v. Lowe's Home Centers, Inc.*, (No. 3-CV-03-0438-ARC (M.D. Pa.)); or (3) any other Fair Labor Standards Act ("FLSA") lawsuit not covered by the Settlement that challenges overtime payments under the SPOE Compensation Plan, or who has executed a waiver and release of any claims covered by the Settlement prior to the effective date of the Settlement.

3.    Peter Winebrake, Esquire, of the Winebrake Law Firm, LLC, and Robert E. DeRose, Esquire, of Barkan Neff Handelman Meizlish, LLP, are appointed to serve as co-class counsel in connection with the Settlement.

4.    The Court approves the Class Action Settlement Notice and Claim Form proposed by the parties, which are attached hereto.

2

5.      Consistent with the terms of the Settlement, the Qualified Settlement Administrator is hereby directed to cause a copy of the Class Action Settlement Notice and Claim Form to be mailed to each eligible Rule 23 Settlement Class member, within the time period and in the manner set forth in Section 10.B of the Settlement.

6.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finds that the form and manner of mailing notice to individual Rule 23 Settlement Class members who can be identified through reasonable effort, as required by the Settlement and by this Order, are the most appropriate and best form and manner practicable under the circumstances, and such procedures fully satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e), and due process.

7.      Consistent with the ninety (90) day time period required by 28 U.S.C. § 1715, on **FRIDAY, JANUARY 4, 2008 AT 10:00 A.M.**, a final approval hearing will be held to determine whether the Court should approve the terms and conditions of the Rule 23 Settlement and whether the Court should enter a final judgment and order approving the Settlement.   The hearing will be held in Courtroom #1, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania.

8.      On or before the date of the final approval hearing, there will be filed with the Clerk of the Court, affidavits or declarations of the persons under whose general direction the mailing of the Class Action Settlement Notice and Claim Form has been prepared showing that such mailing has been made in accordance with this Order.

9.     Any Rule 23 Settlement Class member who wishes to be excluded from the Rule 23 Settlement Class must do so by following the instructions for requesting such exclusion set forth in the Settlement and in the Class Action Settlement Notice.

10.    Any member of the Rule 23 Settlement Class may enter an appearance through counsel of such member's own choosing and at such member's own expense.  Any such class member who enters an appearance through counsel of his or her own choosing or appears on his or her own behalf will not be represented by class co-counsel.  All other class members will be represented by class co-counsel.

11.    Any member of the Rule 23 Settlement Class who has not validly requested exclusion therefrom may appear personally or by counsel at the final approval hearing and, either at the hearing or by writing, may object or express the member's views regarding the settlement of Rule 23 Class Claims, and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by this Court.  No Rule 23 Settlement Class member, however, will be heard or entitled to object, and no papers or briefs submitted by any such person will be received or considered by the Court, unless written notice of intention to appear at the final approval hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the final approval hearing, have been filed with the United States District Court for the Middle District of Pennsylvania in Scranton, Pennsylvania and have been served personally on or before the date specified in the Class Action Settlement Notice, upon the following:

4

### Counsel for Plaintiffs and Class Co-Counsel

Peter Winebrake, Esquire      Robert E. DeRose, Esquire
The Winebrake Law Firm       Barkan Neff Handelman Meizlish, LLP
715 Twining Road Suite 114     360 South Grant Avenue
Dresher, PA 19025            Columbus, OH 43216-1989

### Counsel for Defendant Lowe's Home Centers, Inc.:

Richard L. Wyatt, Jr.
W. Randolph Teslik, P.C.
Robert G. Lian, Jr.
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036

       12.    Plaintiffs or Defendant may file submissions in support of the settlement and any related matters twenty-one (21) days before the date set for the hearing on final approval of the Settlement.  Plaintiffs or Defendant may file submissions in response to objections to the settlement of the Rule 23 Settlement Class claims, if any, as may have been timely filed and served.  Such submissions in response must be filed with the Court and served on all counsel of record not later than five (5) days prior to the final approval hearing.

       13.    The final approval hearing, and all dates provided for herein, may from time to time, and without further notice to the members of the Rule 23 Classes, be continued or adjourned by Order of this Court.

       14.    In the event the settlement of the Rule 23 Settlement Class claims does not become effective in accordance with the terms thereof, the Settlement of the Rule 23 Settlement Class claims is not finally approved, or the Settlement is terminated, canceled, or fails to become effective for any reason, this Order will no longer have effect, and the parties will revert to their respective positions as of the date and time immediately prior to the

execution of the Stipulation of Settlement and the Agreement in Principle on which it was

based.


Date: October 15, 2007                    s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge